[Cite as *In re A.T.*, 2023-Ohio-4108.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

IN RE: A.T.

C.A. No.     30645

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DN 21-05-380

DECISION AND JOURNAL ENTRY

Dated: November 15, 2023

FLAGG LANZINGER, Judge

{¶1} Appellant Mother appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, that denied her unsupervised visitation. This court affirms.

I.

{¶2} Mother is the biological parent of A.T., born January 13, 2015. The facts of this case are not in dispute. On May 19, 2021, CSB filed a complaint alleging A.T. was abused, neglected, and dependent following multiple intake reports concerning A.T. including allegations of sexual abuse and domestic violence. The juvenile court adjudicated the child abused, neglected, and dependent and placed A.T. in the temporary custody of CSB.

{¶3} On March 30, 2022, CSB placed A.T. with Paternal Grandmother. On July 7, 2022, by agreement of the parties, the trial court awarded Paternal Grandmother legal custody of A.T. The parties could not come to a consensus on Mother's visitation schedule. The trial court set a minimum of four hours of supervised visitation weekly for Mother. After failed mediation, the

trial court scheduled a hearing on December 14, 2022, to address whether Mother's visitation would remain supervised or become unsupervised.

{¶4} On December 14, 2022, Mother appeared with counsel for the scheduled hearing. However, the court continued the hearing until February 13, 2023. During that December 14th court date, the trial court provided Mother, and her counsel, oral notice of the upcoming February 13, 2023, hearing. On January 4, 2023, the trial court issued a written notice to Mother's counsel of the February 13, 2023, hearing.

{¶5} On February 13, 2023, Mother's attorney appeared for the hearing without Mother. The court proceeded with the hearing with Mother absent. During the hearing, the Guardian ad Litem (GAL) provided a report. Mother's attorney indicated a plan to call Mother as a witness but did not do so because she was not in attendance. The trial court adopted the GAL's recommendation and did not grant Mother unsupervised visitation.

{¶6} Mother now appeals raising two assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT DENIED MOTHER TESTIMONY REGARDING HER VISITATION RIGHTS.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND IT WAS IN THE BEST INTEREST OF THE CHILD TO DENY MOTHER UNSUPERVISED VISITATION BECAUSE THE COURT COULD NOT HAVE FAIRLY CONSIDERED THE CHILD'S BEST INTERESTS WITHOUT CONSIDERING THE TESTIMONY MOTHER WANTED TO GIVE.

{¶7} Mother argues that the trial court committed plain error when it denied her testimony during the hearing regarding her visitation rights. Mother also argues that the trial court abused its discretion when it found it was in the best interest of the child to deny mother

unsupervised visitation. Mother asserts that the juvenile court could not have fairly considered the child's best interests without hearing her testimony. We disagree.

{¶8} "This Court has not determined to date whether the criminal or civil plain error standard applies in cases involving dependent, neglected, and/or abused children." *In re Z.S.*, 9th Dist. Summit No. 29887, 2021-Ohio-2022, ¶ 9, citing *In re K.J.*, 9th Dist. Summit No. 29149, 2019-Ohio-123, ¶ 11. Under either standard, however, Mother would be required to demonstrate a significant amount of prejudice that either amounted to a "manifest miscarriage of justice" or "challeng[ed] the legitimacy of the underlying judicial process itself." *In re Z.S.* at ¶ 8, quoting *In re S.G.*, 9th Dist. Summit No. 27428, 2015-Ohio-2503, ¶ 11.

{¶9} "We recognize and emphasize that "parents' interest in the care, custody, and control of their children 'is perhaps the oldest of the fundamental liberty interests recognized by this Court.'" *In re B.C.*, 141 Ohio St.3d 55, 2014-Ohio-4558, ¶ 19, quoting *Troxel v. Granville*, 530 U.S. 57, 65 (2000). Noncustodial parents, like Mother, continue to have residual rights "including, but not necessarily limited to, the privilege of reasonable visitation * * * [.]" R.C. 2151.353(A)(3)(c); *see also In re S.S.*, 8th Dist. Cuyahoga Nos. 110793, 110795, 2022-Ohio-520, ¶ 27.

{¶10} "The fundamental requisites of due process of law in any proceeding are notice and the opportunity to be heard." *In re B.C.* at ¶ 17, citing *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965). Due Process is "flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

> But it is not only appellant's private interest that we must consider. As we have previously noted, the natural rights of a parent are not absolute, but are always subject to the ultimate welfare of the child, which is the polestar or controlling principle to be observed. Ultimately, parental interests are subordinate to the child's interest when determining the appropriate resolution of a petition to terminate parental rights.

*In re B.C.* at ¶ 17. (Citations and quotations omitted.) A noncustodial parent "does not have an absolute due process right to attend a hearing at which his visitation or custody rights will be determined." *In re Carpenter*, 4th Dist. Washington No. 01CA26, 2002 WL 185569, *4 (Jan. 31, 2002); *see also In re C.G.*, 9th Dist. Summit No. 26506, 2012-Ohio-5999, ¶ 19, citing *In re J.S.*, 9th Dist. Lorain No. 10CA009908, 2011-Ohio-985, ¶ 17. Additionally, parents have a corresponding duty to "exhibit cooperation and [ ] communicate with counsel and with the court in order to have standing to argue that due process was not followed[.]" (Alterations sic.) *In re C.G.* at ¶ 19, quoting *In re J.S.* at ¶ 17.

{¶11} Here, Mother argues that she was not afforded the opportunity to testify. However, Mother was not denied an opportunity to testify, she did not attend the scheduled hearing. Mother and her counsel were provided oral notice of the February 13, 2023 hearing while they were in court on December 14, 2022. Mother's counsel was given written notice of the February hearing on January 4, 2023. Even though she had proper notice, Mother did not appear for the hearing. Counsel for Mother did not request a continuance of the hearing or give an explanation for Mother's absence. Mother has failed to demonstrate plain error and her first assignment of error is overruled.

{¶12} Mother also argues that the juvenile court could not have fairly considered the child's best interests without her testimony. The court could not have considered her testimony because there was no testimony to consider, as she did not appear for the hearing to testify. Moreover, she did not ask for a continuance, and has not claimed she did not receive notice. Mother's second assignment of error is overruled.

III.

{¶13}  Mother's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

CARR, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

JAYSEN W. MERCER, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.

JASON JORDAN, Attorney at Law, for Appellee.

BRIAN ASHTON, Attorney at Law, for Appellee.

BETH BLACKMORE, Attorney at Law for Minor Child.

BENJAMIN AYERS, Guardian ad Litem.